09-3776-cr
*USA v. Paredes (Velasquez)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand and ten.

PRESENT: ROSEMARY S. POOLER,
         RICHARD C. WESLEY,
         GERARD E. LYNCH,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                 *Appellee,*

        -v.-                                    09-3776-cr

RICARDO PAREDES, also known as RICHIE,
ANGEL PAULINO,

                 *Defendants,*

JOSE VELASQUEZ, also known as E.
HERNANDEZ-MANGUAL, also known as MILCO DIAZ,
also known as ROLANDO DIAZ, also known as
ALBERTO VELEZ, also known as ORLANDO DIAZ,

                 *Defendant-Appellant.*

---

FOR APPELLANT:        SALLY WASSERMAN, Law Office of Sally
                      Wasserman, Esq., New York, NY.

FOR APPELLEE:         STEPHEN J. MEYER, Assistant United States
                      Attorney, *of counsel*, for Loretta E.
                      Lynch, United States Attorney for the
                      Eastern District of New York, New York,
                      NY.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Jose Velasquez ("Appellant") appeals from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*), entered on September 3, 2009 and sentencing him to 160 months imprisonment followed by five years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the sentence imposed by the District Court for both substantive and procedural reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable

2

discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks and alterations omitted).

Appellant argues that his sentence was procedurally unreasonable because the District Court allowed Appellant's criminal history to "overshadow" the other 18 U.S.C. § 3553(a) factors. We disagree. There is a "strong presumption that the District Court faithfully performed its statutory obligation to consider the § 3553(a) factors." *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006). Appellant has presented no evidence to rebut this presumption. Moreover, upon reviewing the record, we conclude that the District Court did, in fact, fully consider the statutory factors and did not afford undue weight to Appellant's criminal history. Indeed, the District Court explicitly stated that it considered all the factors in 3353(a) and it discussed several of them at length at the sentencing proceeding. Accordingly, we conclude that the District Court committed no procedural error.

Appellant next argues that his sentence was substantively unreasonable. Substantive review of a sentence is akin to "consideration of a motion for a new criminal jury trial, which should be granted only when the jury's verdict was 'manifestly unjust,' and to the determination of intentional torts by state actors, which should be found only if the alleged tort 'shocks the conscience.'" *United States v. Dorvee*, --- F.3d ----, 2010 WL 3023799, at *7 (2d Cir. Aug. 4, 2010) (citing *United States v. Rigas*, 583 F.3d 108, 122-23 (2d Cir. 2009)). Here, the District Court explained in detail its reasons for imposing the sentence, considered at length the mitigating factors Appellant presented, and ultimately imposed a below-guideline sentence. For these reasons, we conclude that the sentence was not substantively unreasonable.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4